JANET L. CHUBB, ESQ.
Nevada State Bar #176
LOUIS M. BUBALA III, ESQ.
Nevada State Bar #8974
ARMSTRONG TEASDALE LLP
50 West Liberty, Suite 950
Reno, NV 89501
Telephone:  775.322.7400
Facsimile:  775.322.9049
Email:  jchlubb@armstrongteasdale.com
 and    lbubala@armstrongteasdale.com

Counsel for Sheelagh Dawn Biggs

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>JOEL P. BIGGS,<br><br>    Debtor. | Case No.:  BK-10-54412-GWZ<br><br>Chapter:  13 |
| SHEELAGH DAWN BIGGS,<br><br>    Plaintiff,<br><br>v.<br><br>JOEL P. BIGGS,<br><br>    Defendant. | Adv. Proc. No.:  _____<br><br>**COMPLAINT** |

    Sheelagh Dawn Biggs ("Ms. Biggs") files this Complaint to determine the dischargeability of the debt owed to her by Joel P. Biggs ("Mr. Biggs").  11 U.S.C. § 523; Fed. R. Bankr. P. 7001(6).

**JURISDICTION**

    1.    On November 7, 2010, Mr. Biggs filed a petition for relief under Chapter 7 of Title 11 of the United States Code in this Court.

    2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334.

    3.    Venue of the bankruptcy case and this adversary proceeding in this district is proper

pursuant to 28 U.S.C. §§ 1408, 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. This proceeding is brought pursuant to 11 U.S.C. §§ 523(a)(6), 523(a)(15).

## BACKGROUND

6. Ms. Biggs and Mr. Biggs were divorced on October 9, 2005, in Australia.

7. Adjunct to their divorce, Mr. and Mrs. Briggs also engaged in a contested child custody proceeding in an Australian court.

8. On June 24, 2008, an Australian court ordered Mr. Biggs to pay Ms. Biggs' costs of $4,000 in the child custody proceedings, as evidenced by **Exhibit 4** attached.

9. The Australian court also ordered Mr. Biggs to pay $1,650 in costs for an independent attorney retained by Ms. Biggs to represent their child's interests, as evidenced by **Exhibit 4** attached.

10. Mr. Biggs has not paid the costs he was ordered to pay by the Australian court.

11. The parties also filed a property settlement agreement with the Second Judicial District Court for Washoe County, Nevada, on June 9, 2006.

12. The Second Judicial District Court approved the Stipulation and Order for Final Property Division on November 15, 2006 ("Stipulated Order"), attached as **Exhibit 1**.

13. The Stipulated Order identified a residence in Fernley, Nevada, as community real property and the former marital residence of Ms. Biggs and Mr. Biggs.

14. Ms. Biggs and Mr. Biggs remain joint owners of the former marital residence.

15. Pursuant to the Stipulated Order, Ms. Biggs and Mr. Biggs agreed that their former marital residence would be immediately listed for sale.

16. Mr. Biggs has lived at the former marital residence since their divorce, and continues to live there.

17. Mr. Biggs unilaterally removed the former marital residence from its sale listing from October 29, 2007, until November 21, 2008.

18. On August 25, 2009, Ms. Biggs filed a motion in Second Judicial District Court to compel Mr. Biggs to place their marital residence on the market as required by the Stipulated Order.

19. Ms. Biggs also moved for an order to show cause regarding contempt for Mr. Biggs' noncompliance with the Stipulated Order.

20. On May 18, 2010, the Second Judicial District Court entered its Order to Enforce Agreement of the Parties and Order of Contempt, attached as **Exhibit 2**.

21. The Second Judicial District Court held that Mr. Biggs was in contempt for violating the Stipulated Order.

22. The Second Judicial District Court ordered Mr. Biggs to pay Ms. Biggs' reasonable expenses, including her attorney's fees and her costs of travel incurred because she was forced to bring the contempt motion.

23. Jaymie Mitchell, Ms. Biggs' family law attorney, filed an affidavit stating her legal fees were $11,343.09, and her costs were $2,340, attached as **Exhibit 3**.

24. The Second Judicial District Court also held that Ms. Biggs sought an equitable remedy to reform or rescind the prior property settlement agreement under the Stipulated Order, and the Court had the discretion to fashion equitable remedies that are complete and fair to all parties involved.

25. The Second Judicial District Court found that Mr. Biggs "treated the Marital Residence as his own without any regard to the obligation to sell and to [Ms. Biggs'] significant disadvantage."

26. Based on Mr. Biggs' refusal to comply with the Stipulated Order, the Second Judicial District Court awarded Ms. Biggs a judgment of $78,450 bearing interest from August 25, 2009, until the judgment is paid off.

27. The Second Judicial District Court held that its "Intent, to the greatest extent possible, [is] that the Judgment be treated as a domestic support obligation as that term is defined at 11 U.S.C. § 101(14A), as the Judgment represents a debt arising out of a property settlement agreement."

28. Mr. Biggs has not paid the amounts owed pursuant to the Order to Enforce Agreement of the Parties and Order of Contempt.

29. Mr. Biggs also was in arrears on the petition date in child support payments in the amount of $14,572.56 in Australian Dollars, according to the Australian Government Support

1  Agency.

2  30. Ms. Biggs has been further damaged by Mr. Biggs' bankruptcy filing, has been forced to retain counsel to preserve the amounts owed to her by Mr. Biggs, and is entitled to recover for her fees and costs incurred in preserving these amounts through the bankruptcy case and adversary proceeding.

## COUNT I—NONDISCHARGEABILITY
## 11 U.S.C. § 523(a)(5)

31. Mr. Biggs owes funds to Ms. Biggs for a domestic support obligation arising from a child custody proceeding, as held by an Australian court.

32. Mr. Biggs owes funds to Ms. Biggs' for a domestic support obligation, as held by the Second Judicial District Court.

33. Mr. Biggs owes funds to Ms. Biggs' for a domestic support obligation for child support as determined by the Australian Government Support Agency.

34. Mr. Biggs is indebted to Ms. Biggs, and the dischargeability of those debts and the associated fees and costs should be denied under 11 U.S.C. § 523(a)(5).

## COUNT II—NONDISCHARGEABILITY
## 11 U.S.C. § 523(a)(6)

35. Mr. Biggs willfully and maliciously injured Ms. Biggs through his refusal to comply with the order entered in the child custody proceedings.

36. Mr. Biggs willfully and maliciously injured Ms. Biggs through his refusal to comply with the Stipulated Order.

37. Mr. Biggs willfully and maliciously injured Ms. Biggs through his refusal to comply with his obligations to pay child support.

38. As a result of Mr. Biggs' refusal to comply with the orders and his obligations, Ms. Biggs has been injured.

39. Mr. Biggs is indebted to Ms. Biggs, and the dischargeability of those debts and the associated fees and costs should be denied under 11 U.S.C. § 523(a)(6).

## COUNT III—NONDISCHARGEABILITY

## 11 U.S.C. § 523(a)(15)

40. Mr. Biggs incurred his debts to Ms. Biggs in the course of a divorce or in connection with a divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

41. As a result of Mr. Biggs' refusal to comply with the orders and his obligations, Ms. Biggs has been injured.

42. Mr. Biggs is indebted to Ms. Biggs, and the dischargeability of those debts and the associated fees and costs should be denied under 11 U.S.C. § 523(a)(15).

WHEREFORE, Ms. Biggs requests an order denying the discharge of the debts owed by Mr. Biggs to Ms. Biggs, as well as for any other and further relief as the Court deems just and proper.

Dated this 8th day of February, 2011    **ARMSTRONG TEASDALE, LLP**

/s/Louis M. Bubala III

LOUIS M. BUBALA III, Esq.

Attorneys for Sheelagh Dawn Biggs