# EXHIBIT 1

# EXHIBIT 1

2540
Shannon M. Bryant, Esq.
Nevada Bar No. 6917
Bryant & Banales, An Association of Attorneys
190 W. Huffaker Lane, Suite 402
Reno, Nevada 89511
(775) 324-3888

Attorney for Plaintiff.

# IN THE FAMILY DIVISION

## OF THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

### IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| JOEL PATRICK BIGGS, | |
| Plaintiff, | |
| vs. | Case No.:   DV05-02431 |
| SHEELAGH DAWN BIGGS, | Dept.:          5 |
| Defendant. | |
| And Related Counterclaims. | |

## NOTICE OF ENTRY OF ORDER

PLEASE TAKE NOTICE that on November 15, 2006, this Court entered the Stipulation and Order for Final Property Division (the "Order") in the above action.  A copy of the Order is attached hereto as **Exhibit "A."**

DATED:  November __17__, 2006

_____
Shannon M. Bryant, Esq.
190 W. Huffaker Lane, Ste 402
Reno, NV 89511
Tel: (775) 324-3888
Fax: (775) 324-7077
Attorney for Plaintiff.

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Bryant & Banales, An Association of Attorneys, and that on the date shown below, I caused service to be completed by:

_____ personally delivering

___✓___ delivery via professional courier service

_____ sending via Federal Express or other overnight delivery service

_____ depositing for mailing in the U.S. mail with sufficient postage affixed thereto

_____ delivery via facsimile machine to fax no. [ ]

a true and correct copy of the NOTICE OF ENTRY OF ORDER addressed to:

Marta L. Presti, Esq.
3500 Lakeside Court, Suite 150
Reno, Nevada 89503

DATED this ___11___ day of November, 2006

_____

Page 2 of 2

# EXHIBIT "A"

1  3860
   Shannon M. Bryant, Esq.
2  Nevada Bar No. 6917
   Bryant & Banales, An Association of Attorneys
3  190 W. Huffaker Lane, Suite 402
   Reno, Nevada 89511
4  (775) 324-3888

5  Attorney for Plaintiff

FILED

NOV 15 2006

RONALD A. LONGTIN, JR., CLERK
By: ___G. Elder___
DEPUTY

6              IN THE FAMILY DIVISION

7  IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

8              IN AND FOR THE COUNTY OF WASHOE

9  JOEL PATRICK BIGGS,

10         Plaintiff,                    Case No.:    DV05-02431

11     vs.                              Dept.:              5

12 SHEELAGH DAWN BIGGS,

13         Defendant.

14     And Related Counterclaims.

15    STIPULATION AND ORDER FOR FINAL PROPERTY DIVISION

16        Plaintiff, Joel Patrick Biggs, by and through his attorney, Shannon M. Bryant, Esq.,

17 and Defendant, Sheelagh Dawn Biggs, by and through her attorney, Marta L. Presti, Esq.,

18 stipulate and agree as follows:

19        1.      That on June 9, 2006, the parties reached an agreement resolving the above-

20 captioned matter;

21        2.      That the parties were divorced in the Nowra Court in Australia on October 9,

22 2005; and

23        3.      That the parties have entered into an equitable agreement settling all issues

24 regarding the division and distribution of assets and debts, and Petitioners request that the

25

terms of their agreement set forth in their Property Settlement Agreement attached hereto,

be ratified, confirmed and adopted by the Court as its Order.

DATED this 13 day of October, 2006.                    DATED this 2 day of October, 2006.

Shannon M. Bryant, Esq.                                Marta L. Presti, Esq.
Nevada Bar No. 6917                                    Nevada Bar No. 2675
190 W. Huffaker Lane, Suite 402                        3500 Lakeside Court, Suite 150
Reno, Nevada 89511                                     Reno, Nevada 89503
(775) 324-3888                                         (775) 323-7311
Attorney for Plaintiff                                 Attorney for Defendant

## ORDER

The Court, having reviewed the above stipulation and agreement, and for good cause

appearing, hereby orders as follows:

That the terms of their agreement set forth in the Property Settlement Agreement

attached hereto, is ratified, confirmed and adopted by this Court as its Order.

DATED this 15 day of Nov. , 2006.


Deborah Schumacher

DISTRICT JUDGE

# EXHIBIT "A"

## PROPERTY SETTLEMENT AGREEMENT

This Property Settlement Agreement ("Agreement") is made and executed this _____ day of August, 2006, by and between JOEL PATRICK BIGGS, herein referred to as "Husband", and SHEELAGH DAWN BIGGS, herein referred to as the "Wife". Husband and Wife may collectively be referred to as the "Parties".

### WITNESSETH:

WHEREAS, the Parties were married on March 24, 1995, in Gerringong, New South Wales, Australia, and were divorced in the Nowra Court in Australia on October 9, 2005;

WHEREAS, as a result of the differences which have arisen between Wife and Husband, the Parties have heretofore ceased to live together, and irreconcilable differences have caused incompatibility between the Parties;

WHEREAS, there is one minor child of this relationship, however, the Australia court has already established jurisdiction for the issues of custody and child support and the Second Judicial District Court for the County of Washoe, State of Nevada, has found the exercise of child custody jurisdiction by the Australian court to be proper and consistent with the UCCJEA. Therefore, custody and child support are not at issue in this litigation. Issues of custody, child support and child support arrearages shall be determined by the Third Judicial District Court, Case No. CI17233, Dept. No. III, in conjunction with the Nowra Court in Australia. Wife has sole physical custody of the parties' child, and Husband is currently paying child support to Wife pursuant to an order from the Third Judicial District Court, Case No. CI17233, Dept. No. III;

Husband's Initials: _____        Page 1 of 15        Wife's Initials: _____

WHEREAS, the Parties herein desire to settle and adjust between themselves their various and respective rights and duties to each other, it is the intention of the Parties herein to reach a final settlement as to their respective rights and duties, together with a division of all property, real or personal, in which the Parties have any right.

NOW, THEREFORE, the Parties to this Agreement, in consideration of their mutual promises to each other, hereinafter stated, agree and stipulate as follows:

I.      PARTIES' INTENT: From and after the date of execution of this agreement by both Parties, the Parties shall continue to live separate and apart from each other, free from the marital control or management of the other spouse.

II.     PROPERTY AND DEBT DIVISION: As set forth in this paragraph, the Parties hereby resolve any and all community and separate property claims, rights, or entitlements.

A.      Husband's Share: Except as otherwise stated in this Agreement, Husband shall receive, and Wife does hereby confirm and assign to Husband as his sole and separate property and in full settlement and release of any and all rights, title, interest and or claims which Wife has to any community property interest of Husband, the property identified in Exhibit "A" as Husband's separate property.   Exhibit "A" is attached hereto and incorporated herein by this reference.

B.      Wife's Share: Except as otherwise stated in this Agreement, Wife shall receive, and Husband does hereby confirm and assign to Wife as her sole and separate property and in full settlement and release of any and all rights, title, interest and or claims which Husband has to any community property interest of Wife, the property

Husband's Initials: _____        Page 2 of 15        Wife's Initials: _____

set forth in Exhibit "A" as Wife's separate property. Exhibit "A" is attached hereto and incorporated herein by this reference.

C.    <u>Unlisted Personal Property</u>: Except as specified in Exhibit "A", any and all items of jewelry, clothing, automobiles, boats, personal effects and other tangible personal property presently in Husband's or Wife's possession, shall become the sole and separate property of the party in possession unless otherwise mutually agreed by the Parties.

D.    <u>Real Property</u>: The Parties own community property real property located at 625 Wedge Lane, Fernley, Nevada ("Marital Residence"). The Parties have agreed that the Marital Residence shall be immediately listed for sale.

The Parties agree that the proceeds from the sale shall be distributed directly from escrow as follows: payment of all costs and commissions related to the sale of the home; and the community debt consisting of three (3) credit cards (Chase VISA with an approximate balance of $14,500, United Mileage Plus VISA with an approximate balance of $15,200, Fleet Visa with an approximate balance of $12,000). The proceeds after payment of the aforementioned costs, commissions and debt shall be split equally between the Parties. Husband agrees to immediately pay from his portion of the sale proceeds the amount of child support arrearages Husband owes to Wife directly from escrow to the Lyon County Child Support Enforcement office. Each parties' attorney fees shall be paid 100% directly from escrow from their share of the proceeds. Additionally, Husband's automobile loan shall be paid directly from escrow from his share of the proceeds.

Husband's Initials: _____    Page 3 of 15    Wife's Initials: _____

E.    <u>Debts</u>:  The parties have joint debt obligation which will be paid from the net proceeds of sale of the home as set out above.

1)    <u>Indemnification and Warranty</u>:  Except as disclosed herein, Husband warrants to Wife that he has not incurred, and covenants that he will not incur, any liability or obligation on which Wife is or may be liable, and Husband agrees to indemnify and to hold Wife harmless from any and all liability, including attorneys' fees arising out of the obligations incurred heretofore or hereafter by Husband.

Except as disclosed herein, Wife warrants to Husband that she has not incurred, and covenants that she will not incur, any liability or obligation on which Husband is or may be liable, and Wife agrees to indemnify and to hold Husband harmless from any and all liability, including attorneys' fees arising out of the obligations incurred heretofore or hereafter by Wife.

Each of the Parties also maintains one or more credit cards in his or her own name, not listed above at paragraph II.D., and agrees to assume and pay and hold the other harmless from all debts and obligations incurred with respect to said credit cards held in his or her respective name and incurred by the party in whose name the credit cards are held.  In the event the Parties later determine that one or more credit cards or other debt obligations are held in joint name, each of the Parties agrees to take such actions and execute such documents as are necessary to cancel the jointly held cards.

Any and all other debts not listed herein, incurred by either party since their separation shall be the sole and separate debt of the party whom incurred said debt.

F.    <u>Retirement or Pension Plans</u>:  Husband is a vested member of the Nevada Public Employees Retirement System.  Husband shall cause to be executed a

Husband's Initials: _____        Page 4 of 15        Wife's Initials: _____

Qualified Domestic Relations Order ("QDRO") to preserve Wife's community property interest for the term of the marriage, specifically from March 24, 1995 to October 9, 2005, inclusive. The cost of preparing any QDRO or other supplemental order necessary to effectuate transfer as provided herein shall be split between the Parties.

G. Other Accounts: The Raymond James Individual Retirement Account, Account # 75426928 in the amount of $14,396.43, currently held in Husband's name shall remain the sole and separate property of Husband. The Raymond James Contract, Contract # 303 688 322 which was valued at $86,070.78 as of October 9, 2005, shall be divided equally between the Parties. Husband agrees to execute any necessary documents to effectuate this property division. Wife shall pay any taxes or penalties incurred if she chooses to take a liquid distribution of her portion rather than transfer said funds into another tax-deferred account.

III. SPOUSAL SUPPORT: Neither Party hereto requests or requires present spousal support, and each Party understands the right to spousal support, but specifically and voluntarily waives such right. The Parties understand that this waiver is final, and neither Party shall be entitled to request spousal support at any time from the other Party. Because the parties have had the opportunity to litigate the issue of spousal support, the parties agree that pursuant to the holding in *Portnoy v. Portnoy*, 81 Nev. 235, 401 P.2d 249 (1965), no court shall have jurisdiction to order spousal support at any time, regardless of any circumstances that may later arise.

IV. INCOME TAXES: Husband and Wife intend that the transfer of personal and real property between them pursuant to this Agreement be subject to and

Husband's Initials: _____        Page 5 of 15        Wife's Initials: _____

within the nonrecognition rules relating to transfers of property between spouses incident to divorce under Section 1041 of the Internal Revenue Code of 1986, as amended.

Husband and Wife have filed joint tax returns during their marriage. Should the Parties be audited for any of those years for which they filed joint returns and owe any additional tax, penalties, interest, or any other expenses ("Taxes") relating thereto, including but not limited to accounting fees, Husband and Wife will be equally responsible for the payment of any such additional, tax, penalties, interest and related expenses.

Husband and Wife agree that they shall file separate tax returns for the calendar year 2006; they shall be responsible for any tax liabilities owed or refunds due on their individual returns; and they will not seek contribution from the other Party or return of any refund.

EACH PARTY ACKNOWLEDGES THAT NEITHER SHANNON M. BRYANT, ESQ., NOR MARTA L. PRESTI, ESQ., HAS NOT MADE OR IS MAKING ANY REPRESENTATIONS AS TO THE TAX OBLIGATIONS OR CONSEQUENCES TO EITHER PARTY AS A RESULT OF THIS AGREEMENT. EACH PARTY HAS BEEN SPECIFICALLY ADVISED TO SEEK INDEPENDENT TAX ADVICE CONCERNING THE EFFECTS OF THIS AGREEMENT.

V.    **WARRANTIES AND REPRESENTATIONS:**

A.    <u>Husband</u>: Husband warrants and represents to Wife the following:

1)    As of the date of this Agreement, Husband does not have any property or interest therein or right to receive any property or thing (whether in his name or in the name or held for him by others) which has not been disclosed.

Husband's Initials: _____    Page 6 of 15    Wife's Initials: _____

2)    Husband has made a full disclosure of all of the community assets and liabilities known to him.

3)    This Agreement is entered into by Husband in reliance upon his own knowledge and investigation and for the purpose of compromising and resolving a disputed claim. The compromise is accepted by Husband in full satisfaction of his assertions and claims. In consideration of this Agreement and its provisions for his benefit, Husband hereby expressly waives, releases and relinquishes all right to make any future claim of community interest in any of the property of Wife disclosed or referred to in this Agreement or any claim for support.

4)    Husband has, in good faith, attempted to list all significant assets along with its fair market value, which the parties own or in which either party claims an interest. However, to the extent that any assets exist, owned in whole or in part by either party which is not specifically set forth in the Exhibit attached hereto or covered by paragraph II.C herein and are later discovered, Husband hereby agrees to disclose said asset to Wife to be divided equally between the parties as community property.

B.    Wife:  Wife warrants and represents to Husband the following:

1)    As of the date of this Agreement, Wife does not have any property or interest therein or right to receive any property or thing (whether in her name or in the name or held for her by others) which has not been disclosed.

2)    Wife has made a full disclosure of all of the community assets and liabilities known to her.

3)    This Agreement is entered into by Wife in reliance upon her own knowledge and investigation and for the purpose of compromising and resolving

Husband's Initials: _____        Page 7 of 15        Wife's Initials: _____

a disputed claim. The compromise is accepted by her in full satisfaction of her assertions and claims. In consideration of this Agreement and its provisions for her benefit, Wife hereby expressly waives, releases and relinquishes all right to make any future claim of community interest in any of the property of Husband disclosed or referred to in this Agreement or any claim for support.

                      4)       Wife has, in good faith, attempted to list all significant assets along with its fair market value, which the parties own or in which either party claims an interest. However, to the extent that any assets exist, owned in whole or in part by either party which is not specifically set forth in the Exhibits attached hereto or covered by paragraph II.C herein and are later discovered, Wife hereby agrees to disclose said asset to Husband to be divided equally between the parties as community property.

              C.     <u>Representation of Value</u>:    Each Party warrants to the other that there has been an accurate, complete, and adequate disclosure of all income, assets, and liabilities. Both Parties relied upon these financial warranties and representations when entering into this Agreement and release Wife's *Husband's* counsel and law firm from any obligation to determine other values or to conduct further investigations.

Each Party has been advised that they have broad discovery rights relating to the valuation and identity of property, both personal and real. This discovery includes taking depositions, requests for production of documents, interrogatories, and requests for admissions; that the Parties have discussed their ability to seek broad discovery including the right to have assets valued, and that each of them waives further discovery and the right to valuation of assets by independent third Parties.

Husband's Initials: _____        Page 8 of 15        Wife's Initials: _____

VI.    **EXECUTION OF FURTHER DOCUMENTS:**  Each party herein does hereby covenant and agree on demand to execute any other or further instrument or covenant reasonably necessary to carry out the provisions of this Agreement.  If either party shall fail to comply with the provisions of this paragraph VI, this Agreement shall constitute an actual grant, assignment and conveyance of property and rights in such manner and with such force and effect as necessary to effectuate the terms of this Agreement.

VII.    **RELEASE:**  Except as is otherwise provided in this Agreement, and to that extent only, it is further agreed as follows:

A.    Husband hereby covenants and agrees to and does hereby release and surrender any and all rights, claims, interests, demands or privileges to which he is now or may hereafter be entitled by virtue of the marriage relationship of the Parties hereto, or otherwise, in or to any property which Wife now owns or may hereafter acquire, to the end that Wife may acquire, possess, enjoy, convey, devise and bequeath the same with the same effect as if she were and had always been a single woman. Husband hereby agrees that the income of Wife, and any proceeds from the investment or reinvestment of Wife's property, and the income thereof and any income of Wife, and any other property acquired by Wife shall be and become and remain the separate income and property of Wife.

B.    Wife hereby covenants and agrees to and does hereby release and surrender any and all rights, claims, interests, demands or privileges to which she is now or may hereafter be entitled by virtue of the marriage relationship of the Parties hereto, or otherwise, in or to any property which Husband now owns or may hereafter acquire, to

Husband's Initials: _____    Page 9 of 15    Wife's Initials: _____

the end that Husband may acquire, possess, enjoy, convey, devise and bequeath the same with the same effect as if he were and had always been a single man. Wife hereby agrees that the income of Husband, and any proceeds from the investment or reinvestment of Husband's property, and the income thereof and any income of Husband, and any other property acquired by Husband shall be and become and remain the separate income and property of Husband.

C.      Each of the Parties hereto does hereby waive, relinquish, surrender and release, for himself and herself, all the rights which he or she has or may or might have as Husband and Wife, or former Husband and Wife, in or with respect to any property (which either party now owns or is possessed of or which either party hereafter may acquire, be possessed of, or receive in any manner whatsoever) of the other during the lifetime of said Parties, or at the death of either party hereto, and neither of said Parties shall at any time make any claim of any kind upon the property of the other. At the death of either party hereto, it is agreed that the survivor will not claim, and such survivor hereby waives, relinquishes, abandons, surrenders and releases, for himself or herself and his or her heirs, executors, administrators, personal representatives and assigns, any claim to any part of the property of the other, under the laws of succession on account of family allowance or support or on account of homestead or otherwise, which might otherwise pass or be awarded to such survivor as Husband and Wife. Furthermore, each party hereto hereby waives, releases and relinquishes the right to administer upon and act as administrator or administratrix of, or to nominate an administrator or administratrix of the estate of the other in the event of the death of either party. Each of the Parties hereby expressly waives all right of election to take against any

Husband's Initials: _____          Page 10 of 15          Wife's Initials: _____

Last Will and Testament of the other in the event of the death of either party; and each of the Parties hereby expressly waives the issuance and service of any citation or other notice for the probate of the Last Will and Testament or any other testamentary documents of the other and all rights, title and interest of every kind and nature in and to the estate of the other. It is understood and agreed, however, that the foregoing provisions in this paragraph shall not prevent either party hereafter from making such disposition of his or her property by Will so as to include the other party as a beneficiary thereunder, if he or she should so decide, and the foregoing paragraph shall not be deemed a waiver or right as beneficiary if he or she shall be so named in any such Will which may be made. Similarly, the foregoing paragraph shall not preclude either party from being the beneficiary of a life insurance policy if either party hereto shall name the other as such beneficiary.

VIII.  **SETTLEMENT OF ALL CLAIMS:** This Agreement shall settle and forever adjust by and between the Parties, all present and future property and support rights of every kind and nature, whether relating to community property or separate property, and wheresoever located, and all other rights and claims that either party may have against the other. The provisions of this Agreement shall be accepted in full satisfaction of any and all such claims.

IX.  **MERGER OF AGREEMENT:** It is agreed that this Agreement may merge into and become a part of any Decree of Divorce which shall be entered by any court of competent jurisdiction should the Parties hereto submit this Agreement to a court pursuant to an action for divorce being filed by either of the Parties or by way of a stipulation. The Parties hereto specifically agree that this Agreement is a full and

Husband's Initials: _____          Page 11 of 15          Wife's Initials: _____

complete division of their property and that each shall be bound by this Agreement should either party obtain a Judgment and Decree of Divorce pursuant to a complaint filed for divorce by either party hereto or by stipulation.

**X.    ENFORCEMENT OF AGREEMENT:**  Should either party be required to retain the services of an attorney to enforce any provision of this Agreement, then the prevailing party shall be entitled to recover from the other party any reasonable attorneys' fees and costs so incurred, regardless of whether litigation is actually initiated.

**XI.    REPRESENTATION BY COUNSEL:**    Each of the Parties expressly certifies that they have read this Agreement and fully understand the contents thereof and have executed it in the mutual consideration thereof.  Further the Parties acknowledge that they have had the opportunity to consult with counsel of their choice prior to the execution of this Agreement.  The execution of this Agreement has not been obtained by duress, fraud, or undue influence of any person and no representations of fact have been made by either Party to the other except as herein expressly set forth.  Further, each of the Parties acknowledge that they have investigated and had the opportunity to fully investigate, through the judicial proceedings for divorce and otherwise, the value of the assets and liabilities distributed by this Agreement.

**XII.    ENTIRE AGREEMENT:**    This Agreement contains all of the agreements between the Parties and all other agreements and arrangements of the Parties are merged into this Agreement. This Agreement is entered into and of the free will and volition of the Parties respectively.

**XIII.    CONSTRUCTION OF AGREEMENT:**    All provisions of this Agreement shall be construed in accordance with the laws of the State of Nevada.  If any

Husband's Initials: _____        Page 12 of 15        Wife's Initials: _____

portion of this Agreement shall be declared void or unenforceable, the balance of the Agreement shall nevertheless be carried into effect.

XIV.    <u>NO PARTY DEEMED DRAFTER</u>:  The parties agree that neither party shall be deemed to be drafter of this Agreement.  And, in the event this Agreement is ever construed by a court of law or equity, such court shall not construe this Agreement or any provision hereof against either party as the drafter of the Agreement.  Husband and Wife hereby acknowledge that both parties have contributed substantially and materially to the preparation of this Agreement.

XV.    <u>BINDING ON SUCCESSORS</u>:  This Agreement shall bind the heirs, executors, administrators, assigns and successor trustees of either of the Parties hereto.

XVI.    <u>AMENDMENTS IN WRITING</u>:  The Parties may not alter, amend or modify this Agreement except by an instrument in writing signed by each of the Parties and acknowledged by a notary public.

XVII.    <u>APPLICABLE LAW</u>:  This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.  The Parties choose the Second Judicial District Court of the State of Nevada as the forum and venue for all proceedings hereunder and herewith submit to the jurisdiction thereof.  This is a binding choice of law, forum and venue.

IN WITNESS WHEREOF, the Parties have hereunto set their hands.

This 28ᵗʰ day of September 2006.    This 21 day of August, 2006.

_____    _____
JOEL PATRICK BIGGS    SHEELAGH DAWN BIGGS

-AGREEMENT VOID WITHOUT ATTACHED ACKNOWLEDGMENTS-

Husband's Initials: _____    Page 13 of 15    Wife's Initials: _____

STATE OF NEVADA      )
                        ) ss.

COUNTY OF WASHOE    )

On this 29th day of ~~August~~, *September* 2006, personally appeared before me, the

undersigned Notary Public, JOEL PATRICK BIGGS, personally known to me or proven

to me to be the person so named who executed the foregoing instrument, and who further

acknowledged that he executed the documents freely, voluntarily, and for the uses and

purposes therein mentioned.

_____

Notary Public



```
GENAY BLAND
NOTARY PUBLIC
STATE OF NEVADA
WASHOE COUNTY
APPT. No. 01-70304-2
MY APPT. EXPIRES OCT. 13, 2009
```

Nowra NSW      )
                    ) ss.
Australia        )

On this 21 day of August, 2006, personally appeared before me, the

undersigned Notary Public, SHEELAGH DAWN BIGGS, personally known to me or

proven to me to be the person so named who executed the foregoing instrument, and who

further acknowledged that she executed the documents freely, voluntarily, and for the

uses and purposes therein mentioned.

_____

Notary Public

MARYANN FLANAGAN
JUSTICE OF THE PEACE
200122573

Husband's Initials: _____            Page 14 of 15             Wife's Initials: _____

## EXHIBIT "A"

## COMMUNITY AND/OR SEPARATE PROPERTY DISTRIBUTION

| Wife's Separate Property: | Husband's Separate Property: |
|---|---|
| All personal property and vehicles in her possession. | All personal property and vehicles in his possession; including the 2001 Toyota Sienna LE/XLE currently operated by Husband. |
|  |  |

Husband's Initials: _____

Page 15 of 15

Wife's Initials: _____