LOUIS M. BUBALA III, ESQ.  
Nevada State Bar #8974  
ARMSTRONG TEASDALE LLP  
50 West Liberty, Suite 950  
Reno, NV 89501  
Telephone: 775.322.7400  
Facsimile: 775.322.9049  
Email: lbubala@armstrongteasdale.com  

Counsel for Sheelagh Dawn Biggs

ELECTRONICALLY FILED ON  
September 7, 2011

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>    JOEL P. BIGGS,<br><br>Debtor.<br>_____<br><br>SHEELAGH DAWN BIGGS,<br><br>    Plaintiff,<br><br>v.<br><br>JOEL P. BIGGS,<br><br>    Defendant. | Case No.: BK-N-10-54412-BTB<br><br>Chapter: 13<br><br><br><br>Adv. Proc. No.: 11-05012-BTB<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff/Creditor Sheelagh Biggs moves for summary judgment on Count II of her complaint, seeking to declare Defendant/Debtor Joel P. Biggs' debt owed to be nondischargeable as arising from willful and malicious injury by Defendant to Plaintiff or her property under 11 U.S.C. § 523(a)(6). Fed. R. Bankr. P. 7056, inc. by ref. Fed. R. Civ. P. 56. A statement of undisputed facts is filed contemporaneously. L.R. 7056(a).

**I.    INTRODUCTION**

Plaintiff was harmed by Defendant's prepetition conduct following their divorce. Defendant was required by court order to list and sell their Marital Residence. The state court held Defendant in contempt for his refusal to comply the order. The state court held that Defendant willfully disregarded the order and removed the property from the market. The state court also made findings

1

that Defendant's conduct was malicious. Therefore, the judgment obtained as part of the state court's contempt order is nondischargeable under 11 U.S.C. § 523(a)(6).

## II.     LEGAL STANDARD

A claim is excepted from discharge "for any debt … for willful and malicious injury by debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The creditor must prove that the debtor's conduct is both willful and malicious. *Suarez v. Barrett (In re Suarez)*, 400 B.R. 732, 736 (BAP 9th Cir. 2009).

"Willfulness requires proof that the debtor deliberately or intentionally injured the creditor, and that in doing so, the debtor intended the consequences of his act, not just the act itself." *Id.* at 736-37. The debtor must act with a subjective motive to inflict injury, or with a belief that injury is substantially certain to result from the conduct. *Id.* at 737.

For conduct to be malicious, the creditor must prove that the debtor: (1) committed a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) was done without just cause or excuse. *Id.*

The Ninth Circuit Bankruptcy Appellate Panel has recognized that a contempt order may the basis to determine debt is nondischargeable under Section 523(a)(6). "Whether contempt sanctions are nondischargeable accordingly depends not on whether they are labeled as 'contempt,' but on whether the conduct leading to them was 'willful and malicious.'" *Id. (*citing and discussing *Siemer v. Nangle (In re Nangle)*, 274 F.3d 481 (8th Cir. 2001)).

## III.     DISCUSSION AND ANALYSIS

Plaintiff will address the legal standards in the context of the facts of this case. Rather than repeating the statement of undisputed facts filed contemporaneously as required under the local rules, Plaintiff will cite the facts as necessary to establish satisfaction of the legal standard.

**A. Defendant willfully injured Plaintiff by unilaterally removing the home from the market, as already determined by the state court**

The state court determined that Debtor acted willfully, that is, that he deliberately or intentionally injured Plaintiff by removing their Marital Residence from the market. First, the state court found that Plaintiff knew of his obligation under the prior order to list and sell the Marital

1  Residence: "Pursuant to the Court's November 15, 2006 Order approving, ratifying and
2  incorporating the Parties' June 9, 2006 PSA [Property Settlement Agreement], [Defendant][1] knew the
3  home was to be listed for sale immediately and was to remain listed until sold.  This Order is clear
4  and unambiguous" (Main Case Ct. Dkt. #24, Decl. of Joel Biggs, Ex. 3, Order to Enforce Agreement
5  of Parties and Order of Contempt at PDF Page 47).  Second, the state court found that Defendant
6  unilaterally removed the Martial Residence from the market while he pursued a motion alleging that
7  Plaintiff had failed to disclose property.  *Id.*

8  The state court found that "After his Motion to Divide Undisclosed Property failed,
9  [Defendant] caused the Marital Residence to be placed back on the market, thereby demonstrating
10 that he had the ability to comply with this Court's Order and that his violation was willful."  *Id.*  The
11 state court further found that "Plaintiff provided no credible explanation for his conduct.  Even after
12 the Marital Residence was re-listed for sale, Plaintiff has done nothing to assist with any sale."  *Id.*
13 By removing the property from the market, the state court found that "Plaintiff has treated the Marital
14 Residence as his own without any regard to the obligation to sell and to Defendant's significant
15 disadvantage."  *Id.* at PDF Page 48.

16 Thus, the state court previously found that Defendant deliberately or intentionally injured
17 Plaintiff by unilaterally removing the Marital Residence from the market.  *Suarez v. Barrett (In re*
18 *Suarez)*, 400 B.R. 732, 736-37 (BAP 9th Cir. 2009).  The state court also found that Defendant
19 intended the consequences of his act:  By removing the house from the market, the state court found
20 that Defendant utilized the house for his own benefit—and to Plaintiff's significant disadvantage.  *Id.*

21 Plaintiff has established through the state court's finding that Defendant's conduct was willful
22 for nondischargeability under 11 U.S.C. § 523(a)(6).  The state court's findings are final, and
23 Defendant is collaterally estopped from relitigating them in this proceeding.  *See, e.g., Bugna v.*
24 *McArthur (In re Bugna)*, 33 F.3d 1054, 1056-57 (9th Cir. 1994) (called into doubt on other grounds
25 by *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373 (BAP 9th Cir. 2011)).

---

[1] As mentioned in the statement of undisputed facts, the parties held opposition positions in the state court proceeding.  There, Mr. Biggs was the plaintiff and Ms. Biggs was the defendant.  For ease of reference, parentheicals have been inserted to consistently refer to the parties based on their position in the current proceeding, with Ms. Biggs as plaintiff and Mr. Biggs as Defendant.

3

**B. Defendant maliciously injured Plaintiff by unilaterally removing the home from the market, as already determined by the state court**

The state court also found that Defendant acted maliciously. First, the state court found that Defendant committed a wrongful act. As discussed above, Defendant was required by a prior court order to list and sell the Marital Residence. Defendant disregarded his obligations under the order. The state court further found that Defendant did not comply with the spirit of the order requiring him to list and sell the property. As the court detailed:

> Once the Marital Residence was returned to the market, the evidence shows that [Defendant] did nothing to sell the property. The 'For Sale' sign is almost entirely hidden by foliage in the front yard. The landscaping in the front yard has been permitted to become overgrown and unkempt. In addition, the photos of the interior of the home which are available on-line present the home as messy, and do nothing to make the home attractive to prospective buyers. Simply put, the Court believes that while [Defendant] may have complied with the letter of the Court's Order after November 21, 2008, he sought to thwart the intent.

(Main Case Ct. Dkt. #24, Decl. of Joel Biggs, Ex. 3, Order to Enforce Agreement of Parties and Order of Contempt at PDF Page 46). The state court already held that Defendant's conduct was wrongful in his failure to list the house or maintain or market it in a sellable condition.

Second, the state court found that Debtor intentionally removed the home from the market. The state court's findings evidence Defendant's unilateral control over the listing; his unilateral removal of the home from the market; and his unilateral relisting of the property. Similarly, the state court found that Defendant intentionally sought to prevent a sale as evidenced by the condition in which he kept the property. As the state court found, Defendant "sought to thwart the intent" of the order requiring him to list and sell the Martial Residence. In both circumstances, the state court found that defendant acted intentionally.

Defendant's conduct also necessarily caused injury to Plaintiff's interest. The state court found the value of the home dropped significantly after Defendant removed the home from the market (*Id.* at PDF Page 47-50). The state court calculated Plaintiff's damages as $78,450 caused by Defendant's removal of the property from the market (*Id.* at PDF Page 49).

Finally, the state court found that the property was removed from the market without just cause or excuse. As the state court explained, "Plaintiff provided no credible explanation for his

conduct. Even after the Marital Residence was re-listed for sale, Plaintiff has done nothing to assist with any sale" (*Id.* at PDF Page 47).

The state court already has conclusively found all the elements necessary to find that Defendant maliciously injured Plaintiff's interest in their Marital Residence. *Suarez v. Barrett (In re Suarez)*, 400 B.R. 732, 737 (BAP 9th Cir. 2009).

### IV. CONCLUSION

Defendant willfully and maliciously injured Plaintiff by his refusal to comply with his obligations under court order to market and sell their Marital Residence. The state court already made findings that preclude relitigation of the facts in this proceeding. Therefore, Plaintiff requests the Court grant her summary judgment as to Count II and declare Defendant's debt to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

DATED this 7th day of September, 2011.

ARMSTRONG TEASDALE LLP

By: /s/ Louis M. Bubala III
LOUIS M. BUBALA III, ESQ.

Counsel for Sheelagh Dawn Biggs